UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00965 AG (KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | JD TAMIMI V. SGS NORTH AMERICA, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND**

Plaintiff JD Tamimi asks the Court to send this putative class action wage and hour lawsuit against Defendant SGS North America, Inc. back to Orange County Superior Court. Plaintiff also asks the Court to award her fees associated with bringing this motion.

The Court DENIES Plaintiff's motion to remand. (*See* Mot., Dkt. No. 14.) The Court DENIES Plaintiff's request for attorney fees.

## 1. PRELIMINARY MATTERS

Both parties ask the Court to judicially notice various orders from other federal district court cases involving some of the issues implicated here. (*See generally* Plaintiff's Request for Judicial Notice, Dkt. No. 18-1; Defendant's Request for Judicial Notice, Dkt. No. 17-1.) The Court isn't convinced these requests are appropriate or useful, particularly since judicial notice isn't necessary for the Court to consult relevant caselaw cited in the parties' briefs. So without taking judicial notice, the Court has considered these cases in deciding this motion.

## 2. LEGAL STANDARD

The Court can decide only those cases it has subject matter jurisdiction over. Indeed, "[f]ederal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . arising under this Constitution, the Laws of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00965 AG (KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | JD TAMIMI V. SGS NORTH AMERICA, INC. | | |

United States . . . [or] between Citizens of different States." Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).

With the Class Action Fairness Act of 2005 (commonly called "CAFA" for short), Congress authorized district courts to exercise jurisdiction over class actions where there are at least 100 class members, where any plaintiff is diverse in citizenship from any defendant, and where the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d). A "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But when a plaintiff does challenge a defendant's amount in controversy estimates, the defendant bears the burden of establishing that the amount in controversy requirement is met by a preponderance of the evidence. *Id.* at 553–54; *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). The amount in controversy requirement is "tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). Further, there's no presumption against removal in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. *Dart*, 135 S. Ct. at 554.

## 3. ANALYSIS

### 3.1 Plaintiff's Remand Motion

Plaintiff doesn't contest that the parties are sufficient in size and diversity to confer federal jurisdiction under CAFA. Instead, Plaintiff argues that Defendant hasn't shown that more than $5 million is at stake in this case. (*See* Mot. at 1.)

Plaintiff's complaint alleges eight claims for relief: (1) failure to pay minimum wage; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to pay all wages due upon separation of employment; (6) failure to furnish accurate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00965 AG (KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | JD TAMIMI V. SGS NORTH AMERICA, INC. | | |

wage statements; (7) failure to reimburse for business expenses; and (8) violation of California's Unfair Competition Law ("UCL"). (*See generally* Compl., Dkt. No. 1-4.) Based on these eight claims and an estimated class size of 270, Defendant calculates that there's over $8 million in controversy. (Opp'n, Dkt. No. 17 at 1.) Plaintiff first challenges this figure by arguing that Defendant "unreasonably assumed" a "100% violation rate" applied to Plaintiff's unpaid overtime and missed meal and rest break claims. (Mot. at 1.)

Turning first to Plaintiff's unpaid overtime claim, Defendant assumes that "each of the 270 employees worked one hour of overtime a week for which they were not compensated." (Opp'n at 10.) Plaintiff thinks this assumption is unreasonable because it contradicts the complaint. (Mot. at 10.) In support, Plaintiff relies on allegations in the complaint alleging that Defendant "failed to pay . . . overtime wages for *all* hours worked." (Compl. at ¶ 48 (emphasis added); *see also id.* at ¶ 49.) Plaintiff insists that the use of the word "all" necessarily implies that Defendant paid *some* overtime wages, making it unreasonable for Defendant to apply a 100% violation rate to Plaintiff's overtime claim. (Mot. at 8.) Okay, fine. But given other allegations in Plaintiff's complaint, the Court isn't convinced Defendant actually applied a 100% violation rate to Plaintiff's overtime claim. The complaint alleges Defendant engaged in a "systemic pattern of state wage and hour violations" and maintained a "consistent policy of violating state wage and hour laws." (Compl. at ¶¶ 3-4.) This language, even when combined with the use of the word "all", suggests a situation where violations occur regularly, though maybe not ubiquitously. And because the complaint lacks any other guidance regarding the frequency of Defendant's alleged overtime violations, Defendant could reasonably assume class members worked multiple overtime hours each week without proper compensation. Still, Defendant's assumption is more conservative, assuming only that each class member worked one hour of unpaid overtime per week. The Court thus finds Defendant's estimated damages for Plaintiff's overtime claim reasonable. *Cf. Stanley v. Distribution Alternatives, Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (finding Defendant's assumed violation rate of two hours of uncompensated overtime per week reasonable and not a "one hundred percent violation rate").

What about Defendant's assumptions concerning Plaintiff's meal and rest break claims? For these claims, Defendant assumes that each class member was deprived of one meal period and one rest break each day they worked during every workweek in the class period. (Opp'n at 1.) Defendant concedes that this assumption constitutes a 100% violation rate. Still, Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00965 AG (KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | JD TAMIMI V. SGS NORTH AMERICA, INC. | | |

argues that this rate is reasonable given the broad language used in Plaintiff's complaint. (*Id.* at 1-2, 6-7.) The Court agrees. The allegations underlying Plaintiff's meal and rest break claims contain blanket assertions about Defendant's conduct without any limiting language. For example, Plaintiff alleges "Defendant did not provide meal periods" and "Defendant did not authorize or permit [class members] to take rest periods." (Compl. at ¶¶ 63, 70.) Plaintiff further alleges that class members "did not receive compliant meal periods" and "did not receive a net ten (10) minute rest period for every four (4) hours, or major fraction thereof worked". (*Id.*) Notably, unlike Plaintiff's overtime claim, these allegations lack any language suggesting that less than a 100% violation rate should be used. Without such language, Defendant reasonably assumed a 100% violation rate applied. *See Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 3d 1141, 1150 (C.D. Cal. 2010), *aff'd*, 631 F.3d 1010 (9th Cir. 2011) (finding a 100% violation rate for missed meal and rest breaks reasonable where "Plaintiff included no limitation on the number of violations"); *see also Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (finding the assumption of one missed rest break and one missed meal period per employee per day was reasonable for amount in controversy calculation for removal purposes when "complaint does not allege a more precise calculation" and plaintiff "included no limitation on the number of violations"); *Alvarez v. Ltd. Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125, at *3 (S.D. Cal. Aug. 8, 2007) (finding a 100% violation rate for missed meal and rest breaks reasonable where the plaintiff didn't allege "facts specific to the circumstances of her or the class members['] allegedly missed meal and/or rest periods"). Thus, for purposes of determining the amount in controversy here, the Court accepts Defendant's estimates concerning Plaintiff's unpaid overtime and missed meal and rest break claims. Because this pushes the amount in controversy over CAFA's $5 million threshold, the Court need not consider Plaintiff's other argument regarding attorney fees.

The Court DENIES Plaintiff's motion to remand.

### 3.2 Plaintiff's Request for Fees

Under 28 U.S.C. Section 1447(c), "an order *remanding* the case [for lack of subject matter jurisdiction] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c) (emphasis added). Since the Court isn't remanding this case, Plaintiff's fee request is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00965 AG (KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | JD TAMIMI V. SGS NORTH AMERICA, INC. | | |

**4. DISPOSITION**

The Court DENIES Plaintiff's motion to remand. The Court DENIES Plaintiff's request for attorney fees.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |