UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court GRANTS Plaintiff's motions.**

Before the Court are two motions filed by Plaintiff JD Tamimi ("Plaintiff"): (1) a motion for final approval of class action settlement, *see generally Motion for Final Approval*, Dkt. # 60 ("*Final Approval Mot.*"); and (2) a motion for attorneys' fees, costs, and class representative incentive payment, *see generally Motion for Attorneys' Fees and Costs*, Dkt. # 59 ("*Fees Mot.*"). Defendant SGS North America Inc. ("Defendant") does not oppose either motion. The Court conducted a fairness hearing on August 20, 2021. Having considered the moving papers and the information provided at the hearing, the Court **GRANTS** both motions.

I.    Background

On April 16, 2021, Plaintiff initiated this putative wage and hour class action by filing a complaint in the Orange County Superior Court. *See generally Complaint*, Dkt. # 1-4, Ex. A ("*Compl.*"). On May 17, 2021, Defendant removed the action to this Court. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*"). On August 1, 2021, Plaintiff filed a First Amended Complaint. *First Amended Complaint*, Dkt. # 23 ("*FAC*"). Plaintiff alleges causes of action under the California Labor Code, the Industrial Welfare Commission ("IWC"), and the Private Attorneys General Act ("PAGA") for (1) failure to provide meal periods, (2) failure to permit rest breaks, (3) failure to pay minimum wage, (4) failure to pay overtime wages, (5) failure to provide accurate itemized wage statements, (6) failure to reimburse necessary business expenses, and (7) failure to pay all wages due open separation of employment. *See generally id.* Under the PAGA only, Plaintiff brings claims for (1) failure to maintain accurate records and (2) failure to pay all wages due during employment. *See generally id.* Plaintiff also brings a claim for violation of California Business and Professions Code §§ 17200, et seq. *See generally id.* On August 29, 2019, Defendant answered the complaint. *See generally* Dkt. # 57-2. The case was transferred to this Court on February 5, 2020. *See generally* Dkt. # 53.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|----------|---------------------|------|-------------------|
| Title | JD Tamimi v. SGS North America Inc. | | |

The parties then engaged in discovery, including (1) multiple sets of written discovery, the depositions of Plaintiff, Defendant's person most knowledgeable, and putative class members, and (3) discovery motions. *Declaration of Jessica L. Campbell*, Dkt. # 59-2 ("*Campbell Decl.*"), ¶ 6; *see also* Dkts. # 39–45. The parties also exchanged information and documentation about (1) the number of current and former putative class members who worked during the relevant time period, (2) Defendant's operational structure, (3) Defendant's timekeeping, meal period and rest break policies, (4) documents evidencing Defendant's communications, training materials, and procedures for managing payment for all hours worked, meal periods, and rest breaks, and (5) electronic time and pay records for putative class members. *Campbell Decl.* ¶ 6. Plaintiff then filed a motion for class certification on September 14. *See generally* Dkt. # 53.

On October 5, 2020, the parties engaged in an all-day mediation before mediator Steven G. Pearl. *Campbell Decl.* ¶ 8. Mr. Pearl provided the parties with a mediator's proposal, which both parties accepted. *Id.* The proposal principally settled the matter on October 9, and the parties spent the next several months negotiating the terms of the settlement, which were finalized in a Settlement Agreement in January 2021 ("Settlement Agreement"). *Id.* ¶ 9; *see generally Joint Stipulation and Class and Representative Action Settlement Agreement and Release*, Dkt. # 57-2, Ex. A ("*Settlement Agreement*").

On January 29, 2021, Plaintiff filed a motion for preliminary approval of the proposed class settlement. *See generally* Dkt. # 57. The Court granted the motion on March 2, 2021. *See Order Granting Preliminary Approval of Class Action Settlement*, Dkt. # 58 ("*Prelim. Approval Order*"). Specifically, the Court (1) certified the class for settlement purposes under Rule 23, (2) appointed Plaintiff as Class Representative, (3) appointed the Aegis Law Firm PC as Class Counsel, (4) granted preliminary approval of the Settlement Agreement, (5) appointed Simpluris, Inc. ("Simpluris") as the Settlement Administrator, (6) approved the proposed Class Notice, and (7) scheduled a final approval hearing. *See generally id.*

The Court also ordered Plaintiff to file, in addition to the motion for final approval, three memoranda. *Id.* at 17.

First, the Court ordered Plaintiff and Class Counsel to file a memorandum justifying the requested fees and costs. *Id.* at 12, 17. Specifically, the Court ordered Class Counsel to justify the departure from the 25 percent attorneys' fees benchmark under the *Vizcaino* factors. *Id.* at 12. The Court instructed Class Counsel to provide the requested hourly rate and hours expended in this case so that the Court could calculate the lodestar value and use it to cross-check the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

reasonableness of the fees and costs award. *Id.* The Court further instructed Class Counsel to explain whether a multiplier should be applied and, if so, why the proposed multiplier is appropriate in this case. *Id.* Finally, the Court instructed Class Counsel to submit a detailed summary of its costs and expenses for the Court's consideration. *Id.*

Second, the Court ordered Plaintiff to file a memorandum justifying his service award as it compares to the Gross Settlement Amount and the Individual Settlement Payments, and to the disparity between the award and the average settlement amount for each class member. *Id.* at 13, 17. The Court further ordered Plaintiff to file a declaration supporting an award. *Id.* at 17.

Third, the Court ordered Plaintiff to file a memorandum regarding the release of the federal Fair Labor Standards Act ("FLSA") claims, and whether and how the proposed release of these claims is appropriate. *Id.*

In April 2021, Simpluris mailed the approved Class Notice to all 145 Class Members. *See Declaration of Meagan Brunner*, Dkt. #60-3 ("*Brunner Decl.*"), ¶¶ 8–9. Ultimately, Simpluris was unable to deliver only one Class Notice. *Id.* ¶¶ 10–11. The deadline to object or request exclusion was May 17, 2021, and not a single Class Member objected to or requested exclusion from the Class Settlement. *Id.* ¶¶ 14–15.

On August 30, 2021, following the fairness hearing, the parties' submitted a joint stipulation to modify the Settlement Agreement. *See generally Stipulation to Modify Settlement Agreement* Dkt. # 64 ("*Stip.*"). The stipulation includes an executed Revised Settlement Agreement that struck the waiver of FLSA claims. *See Revised Settlement Agreement*, Dkt. # 64, Ex. B ("*Revised Settlement*"). The stipulation also includes an agreement to require the Settlement Administrator to print a notice on the checks stating: "The final version of the Joint Stipulation and Class and Representative Action Settlement Agreement and Release is available online at [website]." *Stip.* ¶ 5.

The parties now move for (1) final approval of the Revised Settlement Agreement and (2) an order awarding attorneys' fees, costs, and an incentive award. *See generally Final Approval Mot.; Fees Mot.; Stip.* Specifically, Plaintiff requests an enhancement award of $15,000, attorneys' fees totaling $283,333.33, costs of $17,823.79, and Settlement Administrator costs of $4,869. *See Fees Mot.* 1:2–7.

II.    <u>Final Approval of the Revised Settlement Agreement</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

A.    Overview of the Revised Settlement Agreement

The settlement class (the "Class" or "Class Members") is defined as:

> all current and former non-exempt employees who worked for Defendant SGS
> North America Inc. as Inspectors, Off Lease Inspectors, or Automotive Vehicle
> Inspectors within the Automotive Services Division in California, at any time
> between February 1, 2016 and January 8, 2020.

*See Revised Settlement Agreement* § 2.5.

Under the Revised Settlement Agreement, Defendant will create a non-reversionary
common fund in the amount of $850,000 ("Gross Settlement Amount" or "Gross Settlement
Fund"). *Revised Settlement Agreement* § 2.20. This amount is made up of (1) Class Counsel's
attorneys' fees of $283,333.33, (2) Class Counsel's costs of $17,823.79, (3) an incentive award
to Plaintiff of $15,000, (4) PAGA payment to the LWDA of $63,750, and (4) administrative
costs of $4,869. *Id.* § 2.20, 2.7, 7.2.1–7.2.2; *Final Approval Mot.* 4:15–22. The remainder of
the Gross Settlement Fund after the deduction of Class Counsel's fees and expenses, the
incentive award, PAGA payments to the LWDA, and administrative expenses (the "Net
Settlement Fund")—which amounts to $465,223.88—shall be paid to Class Members as their
Individual Settlement Payments determined by the total number of pay periods the Class
Member was employed in California during the relevant pay period. *Revised Settlement
Agreement* § 7.2.4. There is no reversion of any portion of the Gross Settlement Fund to
Defendant. *Id.* § 2.2. The highest share of the Net Settlement Fund is $9,938.95 and the average
is $3,208.44. *Final Approval Mot.* 1:26–2:11.

Individual Settlement Payments will be allocated in two parts: (1) thirty percent as wages,
and (2) seventy percent as penalties, interest, and other non-wage damages. *Revised Settlement
Agreement* § 7.3.1. The wage portion will be reduced by any required taxes, deductions, and
withholdings. *Id.* § 2.16.

Defendant has 30 days to transfer the money to Simpluris after this Court has issued final
approval and Defendant has received transfer information. *Id.* §§ 4.9, 6.7. Simpluris will mail
Individual Settlement Payment checks within 15 days of receiving the Settlement Funds from
Defendant. *Id.* § 2.44. Any checks that remain unclaimed or uncashed after 180 days shall be
canceled and transmitted to the State of California Controller's Office to be held in the name of
the Class Member who is the payee of the check. *Id.* § 4.9.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

In return, Settlement Class Members "fully, finally, and forever released, settled, compromised, relinquished and discharged" Defendant from liability as to "all of the following claims . . . based on the claims alleged in the Complaint" including

> any claims for unpaid wages (including but not limited to minimum wages, regular wages and overtime pay), failure to provide meal periods, failure to permit rest breaks, failure to reimburse business expenses, improper itemized wage statements, improper payroll records maintenance, and failure to pay all wages during employment and at the time of termination

*Id.* § 5.4.1. Class Members further relinquish

> Any claims under California Labor Code sections 201 through 204, 210, 212, 225.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2800, and 2802 and corresponding provisions contained in the California Wage Orders; the California Business and Professions Code predicated on such Labor Code sections and California Wage Order section, including but not limited to Business and Professions Code section 17200 *et seq.;* and any claims for unpaid wages (including minimum wages, regular wages and overtime pay), failure to provide meal periods, failure to permit rest breaks, failure to reimburse business expenses, improper itemized wage statements, improper payroll records maintenance and failure to pay all wages due at the time of termination

*Id.* § 5.4.2. This includes any PAGA related claims. *Id.* § 5.5.

Individually, Plaintiff also releases Defendant from "any and all claims . . . arising out of or related to any act, omission, event, fact, or other thing that existed or occurred on or before Preliminary Approval." *Id.* § 5.8.

B.    Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of proceedings; [6] the experience and views of counsel; [7] the presence of a government participant; and [8] the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list"). Additionally, under Rule 23(e), the Court must "scrutinize the fee arrangement for potential collusion or unfairness to the class" by analyzing three factors: (1) whether counsel "receive[d] a disproportionate distribution of the settlement;" (2) whether the parties agreed to a "clear sailing arrangement;" and (3) whether the settlement includes a "kicker" or "reverter" clause. *See Briseño v. Henderson*, 998 F.3d 1014, at 1023 (9th Cir. 2021).

The district court must approve or reject the settlement—as a whole—after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id.* The Court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

C.    Discussion

The Court considers the Revised Settlement Agreement and proposed notice to the Class, the eight *Hanlon* approval factors, and the three *Briseño* factors in turn.

i.    *Revision to Settlement Agreement and Notice*

In its Preliminary Approval Order, the Court noted that the Settlement Agreement's waiver of FLSA claims was not proper. *See Prelim. Approval Order* at 15. The Court reiterated these concerns at the August 20, 2021 hearing. In response, the parties filed a stipulation that included the above discussed Revised Settlement Agreement, and a proposition that the checks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

include a message that Class Members can access the final version of the settlement agreement online. *See Stip*. ¶¶ 4–5.

The parties have appropriately addressed the Court's concerns by removing the waiver of FLSA claims. Further, although the proposed message to be printed on the checks does not notify Class Members that a change has been made, because the proposed change is narrow and does not impair the interest of the Class Members, the Court finds the notice appropriate. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) ("[W]hen the modification makes the settlement more valuable to the class, courts have routinely concluded that notice is unnecessary"); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015) ("[A]n amendment requires supplemental notice only when it 'would have a material adverse effect on the rights of class members.'"); *Klee v. Nissan N. Am., Inc.*, No. CV1208238AWTPJWX, 2015 WL 4538426, at *5 (C.D. Cal. July 7, 2015) ("Courts have recognized that when a settlement is amended to make it more valuable, it is unnecessary to give additional notice to those class members that received adequate notice of the original proposed settlement and decided not to opt out."). Accordingly, the Court finds the parties' proposal appropriate.

> ii.    Hanlon *Factors*

>> a.    *Strength of Plaintiff's Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Plaintiff asserts that the Class would have had to overcome Defendant's "likely arguments" relating to class approval, such as (1) the lack of commonality due to the differing nature of Class Members' jobs and (2) Plaintiff's inadequacy as Class Representative. *See Final Approval Mot.* 9:24–10:2. Plaintiff also identified potential barriers to recovery including an inability to recover for time and mileage commuting to and from jobs and that Defendants may have met its duty to make breaks available. *Id.* 9:27–28, 10:4–6. Finally, Plaintiff highlights potential evidentiary issues, including that missed rest period evidence is based only on declarations from employees. *Id.* 10:2–16.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

The Court agrees that the issues identified create barriers to recovery and finds that this factor weighs in favor of final approval.

>    b.    *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625.

Here, Plaintiff points out that, because the Class has not been certified, the risk of failing to certify the class threatens to nullify potential recovery. *See Final Approval Mot.* 9:21–23. In addition to the risks brought about by the weaknesses discussed in the previous subsection, Plaintiff identifies further potential issues related to recovery under the PAGA, including the vast range of recovery available and unpredictability of amounts awarded to PAGA claimants. *Campbell Decl.* ¶ 17. Finally, Plaintiff notes that lack of settlement would result in "discovery battles, potential dispositive motions, and extensive trial preparation," and that trial expenses could dwarf recovery. *Final Approval Mot.* 10:17–22.

Although Plaintiff fails to extrapolate fully the issues related to the expenses, complexity, and duration of further litigation, the Court agrees that this factor weighs in Plaintiff's favor for the reasons Plaintiff states. *See Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 331 (N.D. Cal. 2014) ("This factor supports final approval of this settlement because, without a settlement, [p]laintiffs would risk recovering nothing after a lengthy and costly litigation."). Accordingly, this factor weighs in favor of granting approval.

>    c.    *Risk of Maintaining Class Action Status through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See Prelim. Order* at 6. As discussed above, Plaintiff has identified several potential issues with class certification, including the "wide variation in Class Members' job duties and their option to voluntarily waive rest breaks." *Final Approval Mot.* 9:24–26. He also points to Defendant's challenges to Plaintiff as Class Representative. *Id.* 10:1–2. Because Defendant has a valid basis for contesting class certification through trial, this factor favors final approval of the Revised Settlement Agreement.

>    d.    *Amount Offered in Settlement*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotations omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by negotiators." *Id.* at 625. Rather, the settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $850,000. *See Final Approval Mot.* 1:20. This equals 22.02 percent of Plaintiff's estimate of Defendant's total maximum liability, presuming an unlikely maximum recovery on PAGA claims and the realistic recovery on the wage and hour claims. *See Campbell Decl.* ¶ 17. This percentage is well within the range of possible approval. *See Turner v. Motel 6 Operating L.P.*, No. CV 17-2544 PSG (SSX), 2018 WL 6977474, at *3 (C.D. Cal. Nov. 6, 2018) (approving a wage-and-hour class action settlement where the gross settlement amount was 6.8 percent of Plaintiff's estimation of Defendant's total maximum liability); *Khaled v. Library Sys. and Sers.*, LLC, No. CV 19-1478 PSG (KKx), 2021 WL 2366952, at *6 (C.D. Cal. May 14, 2021) (approving a wage-and-hour class action settlement where the gross settlement amount was 4.6 percent of Plaintiff's estimation of Defendant's total maximum liability).

Further, the parties reached this amount after engaging in substantial litigation and arm's-length mediation. *See Final Approval Mot.* 10:25–28. The Court considered the value and merits of this case during the preliminary approval stage, and continues to find that the Gross Settlement Amount is appropriate in light of the challenges described above.

In sum, given the risks of ongoing litigation and the substantial recovery for the Class, the amount offered in settlement is reasonable. *See Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *12 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members must "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"); *Vasquez*, 266 F.R.D. at 489 (noting that "the risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" is a relevant factor).

Accordingly, this factor favors final approval of the Revised Settlement Agreement.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

### e.   Extent of Discovery Completed and State of the Proceedings

This factor requires the Court to gauge whether Plaintiff had sufficient information to make an informed decision about the merits of his case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail*, LLC, No. C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks omitted).

Here, the parties engaged in discovery, including multiple sets of written discovery and depositions of Plaintiff, Defendant's person most knowledgeable, and putative class members. *See Final Approval Mot.* 3:8–19; *Campbell Decl.* ¶ 6. Class Counsel investigated the claims through information on Class Members, Defendant's operational structure and relevant policies, documents evidencing Defendant's practices regarding payroll, and various payroll records. *Campbell Decl.* ¶ 6.

Accordingly, the Court is confident that Plaintiff had enough information to make an informed decision about the settlement—after arm's-length negotiation and mediation—based on the strengths and weaknesses of the case. *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case."); *see also Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (approving settlement where discovery consisted of depositions and production of documents). As such, this factor weighs in favor of granting final approval of the Revised Settlement Agreement.

### f.   Experience and Views of Counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt.*, LLC, 944 F.3d 1035, 1049 (9th Cir. 2019).

Here, Class Counsel has considerable experience handling wage-and-hour and class action cases. *See Campbell Decl.* ¶ 21. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

through trial and appeal.  The Court accordingly credits Counsel's determination that the settlement is fair and reasonable and finds that this factor weighs slightly in favor of final approval.

        g.     *Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

        h.     *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement.  *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), *overruled on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (2010); *Nat'l Rural Telecomms.*, 221 F.R.D. at 528–29 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members."); *see also Arnold v. Fitflop USA*, LLC, No. CV 11-0973 W (KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, Class Notices were sent to all 145 Class Members, and only one was undeliverable. *See Brunner Decl.*, Dkt. #60-3,  ¶ 8–11.  Not a single Class Member objected to the Class Settlement or requested exclusion.  *Id.* ¶¶ 14–15.  The Court finds that this positive reaction weighs in favor of final approval.

        i.     *Balancing the Hanlon Factors*

Having considered all of the *Hanlon* factors, the Court finds that all factors favor final approval.

        iii.     Briseño *Factors*

In *Briseño v. Henderson*, the Ninth Circuit stressed that, before approving class action settlements, district courts must look for signs that class counsel has pursued their own self-interests in the negotiations.  *See Briseño*, 998 F.3d at 1022–23.  The Court identified three "red flags" that are indicative of collusion between class counsel and defendant: (1) if class counsel

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

receives a disproportionate distribution of the gross settlement amount; (2) if there is a "clear-sailing" agreement; and (3) if any of the gross settlement amount reverts to the defendant. *See id.* at 1023. The Court discusses each "red flag" in turn.

> a. *Disproportionate Distribution of the Settlement*

One sign that class counsel has pursued their own self-interests over those of the class is if class counsel receives a disproportionate distribution of the gross settlement fund. *See id.* For example, in *Briseño*, the Court found that class counsel's receipt of $5.85 million of the $8 million gross settlement fund raised red flags, particularly because the class received less than $1 million. *See id.* at 1020.

Here, Class Counsel seeks $283,333.33, or one-third of the Gross Settlement Fund. *Fees Mot.* 1:4–7. Although this is higher than the 25 percent benchmark, *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (2002), after analyzing the requested attorneys' fees, the Court is not concerned about collusion based on Class Counsel's fee request. The Court discusses this issue further when analyzing Plaintiff's motion for attorneys' fees.

Because Class Counsel did not seek a disproportionate distribution of the Gross Settlement Fund, this factor does not raise a red flag regarding the Revised Settlement Agreement.

> b. *Presence of a 'Clear-Sailing Arrangement'*

A settlement agreement contains a "clear-sailing arrangement" when "the defendant agrees not to challenge a request for an agreed-upon attorney's fee." *Briseño*, 998 F.3d at 1023. Here, there is no such arrangement in the Revised Settlement Agreement. Accordingly, this factor does not indicate collusion or inappropriate self-interest.

> c. *Presence of a Reversionary Clause*

A reversionary clause is one that "returns unawarded fees to the defendant, rather than the class." *Id.* Here, there is no reversionary clause in the Revised Settlement Agreement. Accordingly, this factor does not indicate collusion or inappropriate self-interest.

> d. Briseño *Conclusion*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

Having considers each of the *Briseño* factors, the Court finds that the Revised Settlement Agreement was not collusive or based on inappropriate self-interest.

> *xii.    Final Approval Conclusion*

Therefore, because the Court finds that (1) the stipulation appropriately addresses the Court's concerns regarding the FLSA waiver, (2) the *Hanlon* factors favor final approval, and (3) the Revised Settlement Agreement is appropriate under *Briseño*, the Court **GRANTS** Plaintiff's motion for final approval of the Revised Settlement Agreement.

III.    Attorneys' Fees, Costs, and Incentive Award

Plaintiff moves for (1) $283,333.33 in attorneys' fees for Class Counsel, (2) reimbursement of $17,823.79 in litigation costs incurred by Class Counsel, (3) a $15,000 incentive award for Plaintiff, and (4) $4,869.00 in Settlement Administrator costs to Simpluris. *See Fees Mot.* 1:2–7.  The Court addresses each request in turn.

> A.    Attorneys' Fees

> *i.    Legal Standard*

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that, after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs.  The Court "must carefully assess" the reasonableness of the fee award.  *See Staton*, 327 F.3d at 963.

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the percentage-of-recovery method or the lodestar method.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging courts to employ a second method as a cross-check after choosing a primary method).

> *ii.    Discussion*

Under the percentage-of-recovery method, courts typically use 25 percent of the fund as a benchmark for a reasonable fee award.  *See id.* at 942.  The percentage can vary, however, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

courts have awarded more or less than 25 percent of the fund in attorneys' fees as they deemed appropriate. *See Vizcaino*, 290 F.3d at 1047 (noting that courts generally award between 20 and 30 percent of the common fund in attorneys' fees).

Here, Plaintiff requests $283,333.33, or one-third of the Revised Settlement Agreement. *Fees Mot.* 1:2–7. Because Plaintiff asks the Court to depart from the "benchmark" of 25 percent, the Court must evaluate each of the five factors set out in *Vizcaino*. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). "The mere fact that the defendant agrees to pay the fees 'does not detract from the need to carefully scrutinize the fee award.'" *Zubia v. Shamrock Foods Co.*, No. CV 16-3128 AB (AGRx), 2017 WL 10541431, at *5 (C.D. Cal. Dec. 21, 2017). As such, the Court will analyze this request under the *Vizcaino* factors and cross-check the reasonableness of the award using the lodestar method.

> *a.     Percentage of the Common Fund Method*

When assessing the reasonableness of a fee award under the common fund theory, courts consider "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (citing *Vizcaino*, 290 F.3d at 1048–50).

> *1.     Results Achieved*

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Id.*

Here, Plaintiff estimates Settlement Class Members will receive an average of $3,208.44, with the lowest recovery being $90.31 and the highest being $9,938.95. *Final Approval Mot.* 1:26–2:11. This is a significant recovery for participating Class Members. *See Bravo v. Gale Triangle, Inc.*, No. 16-03347 BRO (GJSx), 2017 WL 708766, at *10 (approving an average per-member recovery of $389.81). Additionally, no Class Members objected to the settlement or opted out. *Brunner Decl.* ¶¶ 14–15. Accordingly, the Court finds that this result weighs in favor of awarding fees above the 25 percent benchmark.

> *2.     Risk of Litigation*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

The risk that further litigation might result in no recovery is a "significant factor" in assessing the fairness and reasonableness of an award of attorneys' fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47; *see also Vizcaino*, 290 F.3d at 1048 (discussing that "[r]isk is a relevant circumstance" in determining an attorney fee award in a common fund case). As discussed above, the Court agrees that continued litigation would have been risky given Plaintiff's identified barriers to class certification and evidentiary issues. Accordingly, this factor supports an upward departure from the 25 percent benchmark.

### 3. Skill Required and Quality of Work

The Court also considers the skill required to prosecute and manage this litigation, as well as Class Counsel's overall performance. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. As discussed above, Class Counsel conducted formal discovery in this case and filed a class certification motion. Class Counsel noted that they "thorough[ly] investigated Plaintiff's claims and made use of documents and data provided by Defendant to assess its potential exposure as to the claims at issue" and that their work was "informed by their thorough understanding of the California Labor Code and supporting case law." *Final Approval Mot.* 13:7–15. The Court agrees that Class Counsel's work in this matter required skill and attention to detail. Therefore, the Court finds that this factor supports an upward departure from the 25 percent benchmark.

### 4. Contingent Nature and Plaintiff's Financial Burden

Class Counsel prosecuted this case on a contingency fee basis while spending 517.6 hours and at least $298,609.50 litigating this matter. *See Campbell Decl.* ¶ 29 & 34, Ex. 1 at 14. Therefore, because Class Counsel faced the risk of walking away with nothing after investing substantial resources in this matter, the Court finds that this factor favors awarding fees greater than the benchmark.

### 5. Awards Made in Similar Cases

Although the requested award in this settlement is greater than the benchmark, an award of one-third of the settlement amount is common in similar cases. *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 451 (E.D. Cal. 2013) (finding "33 percent of the class recovery represents a reasonable fee award" in a wage and hour case); *Brown v. CVS Pharmacy, Inc.*, No. CV15-7631 PSG (PJWX), 2017 WL 3494297, at *7 (C.D. Cal. Apr. 24, 2017) (finding 30 percent reasonable in a wage and hour case); *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM SHX, 2008 WL 8150856, at *10 (C.D. Cal. July 21, 2008) (finding a 34

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

percent fee award to be fair in a wage and hour case). Accordingly, this factor supports
awarding fees greater than the benchmark.

### 6.    Balancing the Factors

Because all the factors support awarding fees greater than the 25 percent benchmark, the
Court finds that the request is reasonable under the percentage-of-the-common-fund method.
However, the Court will cross-check the reasonableness of the award using the lodestar method.

### b.    Lodestar Method

The lodestar method is a way for the Court to cross-check the reasonableness of a fee
award. To calculate the "lodestar," the court must multiply the number of hours the attorneys
reasonably spent on the litigation by the reasonable hourly rate in the community for similar
work. *See McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court may
raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions
> involved; (3) the skill requisite to perform the legal service properly; (4) the
> preclusion of other employment by the attorney due to acceptance of the case; (5)
> the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved and the results
> obtained; (9) the experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Class Counsel asserts that the current lodestar is $298,609.50, which is based on 517.6
hours spent prosecuting Plaintiff's claims. *See Campbell Decl.* ¶ 34, Ex. 1 at 14. In support,
Class Counsel submitted timekeeping statements from the five individuals who worked on the
case, *see id.*, as follows:[1]

---

[1] The information provided by Plaintiff did not identify all of the attorneys referenced in
Plaintiff's timekeeping records, but Plaintiff's counsel provided the missing information at the
August 20 hearing. The chart reflects the information provided in the Campbell declaration as
well as that provided at the hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | | Date | September 1, 2021 |
|---|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | | |

| Name | Title | Bar Admission | Hours | Rate | Fee |
|---|---|---|---|---|---|
| Kashif Haque | Partner | 2002 | 38.7 | $ 785.00 | $ 30,379.50 |
| Jessica L Campbell | Partner | 2011 | 98.6 | $ 650.00 | $ 64,090.00 |
| Suren N Weerasuriya | Associate | 2011 | 347.4 | $ 550.00 | $ 191,070.00 |
| Clare Wernet | Associate | 2018 | 19.6 | $ 350.00 | $ 6,860.00 |
| Giovanni Chavez | Associate | 2021 | 2.2 | $ 300.00 | $ 660.00 |
| Ali Carlsen | Senior Associate | 2013 | 11.1 | $ 500.00 | $ 5,550.00 |
| **Total** | | | **517.6** | | **$ 298,609.50** |

*1.    Rates*

When calculating the lodestar, the reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community." (internal quotations omitted)); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Class Counsel charged hourly rates ranging from $350 to $785. *See Campbell Decl.* ¶ 30. The Court turns to the *2020 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("*Real Rate Report*") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, *4–*5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2020 Real Rate Report provides that, in Los Angeles, the average hour rates for attorneys litigating employment and labor matters is roughly $470 to $753 for partners and from $335 to $570 for associates. *See Real Rate Report* at 74. Accordingly, the Court accepts partner Jessica L Campbell's rate of $650, associate Suren N Weerasuriya's rate of $550, senior associate Ali Carlsen's rate of $500, associate Clare Wernet's rate of $350, and associate Giovanni Chavez's rate of $300 as within the range charged in the relevant community. Partner Kashif Haque's rate of $785.00 falls outside of the average ranges for any attorney litigating employment and labor matters in Los Angeles. Considering his law school graduation year of 2002 and has extensive background in employment litigation, *see Campbell Decl.* ¶¶ 22–24, the Court adjusts his rate down to $750.

## 2. Hours

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Class Counsel spent 517.6 hour on this litigation. *See Campbell Decl.*, ¶ 35, Ex. 2 at 14. As discussed at length above, the Revised Settlement Agreement was reached after conducting discovery and engaging in a full-day mediation. *See id.* ¶¶ 12, 16. The scope of this case and the stage to which it progressed before settling indicate that the time expended by Class Counsel was reasonable.

## 3. Lodestar Cross-Check

The Court recalculates the Class Counsel's lodestar as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | | | | Date | September 1, 2021 | |
|---|---|---|---|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | | | | | |

| Name | Title | Bar Admission | Hours | Original Rate | Adjusted Rate | Original Fee | Adjusted Fee |
|---|---|---|---|---|---|---|---|
| Kashif Haque | Partner | 2002 | 38.7 | $ 785 | $ 750 | $ 30,379.50 | $ 29,025.00 |
| Jessica L Campbell | Partner | 2011 | 98.6 | $ 650 | $ 650 | $ 64,090.00 | $ 64,090.00 |
| Suren N Weerasuriya | Associate | 2011 | 347.4 | $ 550 | $ 550 | $ 191,070.00 | $ 191,070.00 |
| Clare Wernet | Associate | 2018 | 19.6 | $ 350 | $ 350 | $ 6,860.00 | $ 6,860.00 |
| Giovanni Chavez | Associate | 2021 | 2.2 | $ 300 | $ 300 | $ 660.00 | $ 660.00 |
| Ali Carlsen | Senior Associate | 2013 | 11.1 | $ 500 | $ 500 | $ 5,550.00 | $ 5,550.00 |
| **Total** | | | **517.6** | | | **$ 298,609.50** | **$ 297,255.00** |

Class Counsel's lodestar of $297,255.00 is slightly more than the requested award of $283,333.33. Specifically, the requested award represents the lodestar with a multiplier of 0.95.

A negative multiplier demonstrates that the requested fees are reasonable. *Cf Vizcaino*, 290 F.3d at 1051 n.6 (finding that a "bare majority" of multipliers in common fund cases fall in the 1.5 to 3.0 range); *McKenzie v. Fed. Exp. Corp.*, No. CV 10-2420 GAF (PLAx), 2012 WL 2930201, at *10 (C.D. Cal. July 2, 2012) (approving a 3.2 multiplier in a wage-and-hour class action case); *Salgado v. T-Mobile USA, Inc.*, No. 1-17-cv-0339-JLT, 2020 WL 3127931, at *25 (E.D. Cal. June 12, 2020) (finding a multiplier of 5.55 to be too high and reducing attorney awards to equal a 3.70 multiplier).

Accordingly, the Court finds that Class Counsel's request of $283,333.33 is reasonable and supported by both the percentage-of-the-common-fund and lodestar methods. As such, the Courts **GRANTS** Plaintiff's motion for $283,333.33 in attorneys' fees.

B.    <u>Litigation Costs</u>

In class action settlements, "[a]ttorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1048.

Here, Class Counsel requests reimbursement of $17,823.79 in expenses. *See Fees Mot.* 13:16–25. This includes expenses that are typically charged to fee-paying clients, including mediation fees, filings fees, expert fees, and various copying and postage charges. *See Campbell*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

*Decl.* ¶ 35, Ex. 2.  The Court has reviewed the accounting records and is satisfied that the costs are reasonable.  Therefore, the Court **GRANTS** the request for costs in the total amount of $17,823.79.

      C.    <u>Incentive Award</u>

    "Incentive awards are fairly typical in class action cases."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).  When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and
> otherwise; (2) the notoriety and personal difficulties encountered by the class
> representative; (3) the amount of time and effort spent by the class representative;
> (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed
> by the class representative as a result of the litigation.

*See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).  Further, courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive.  *See Staton*, 327 F.3d at 975.

    Here, Plaintiff requests an incentive award of $15,000.  *See Fees Mot.* 2:8–9.  The award represents 0.17 percent of the Gross Settlement Fund.

    Plaintiff asserts that this award is appropriate because of the "time [he] dedicated to the case and the results achieved."  *See Tamimi Decl.* ¶ 11.  Plaintiff estimates that he spent over 100 hours working on this case, including assisting with the investigation by answering attorneys' questions and gathering and reviewing documents.  *Id.* ¶ 4.  In addition, Plaintiff participated in a deposition, which lasted one day, and assisted in filing the motion for class certification.  *Id.* He also discusses the great personal risk in serving as class representative, including risk to future job opportunities.  *Id.* ¶ 8.

    Plaintiff estimates that participating Class Members will receive on average award of $3,208.44.  *Final Approval Mot.* 1:9–10. Therefore, Plaintiff's award represents roughly 4.7 times the average per-Member recovery.  As such, the Court finds the requested award to be reasonable.  *See Edwards v. Chartwell Services, Inc.*, No. 16-CV-9187-PSG (KSX), 2018 WL 10455206, at *2, *8 (C.D. Cal. Aug. 27, 2018) (approving a $10,000 incentive award which was over 25 times the average per-Member recovery in a wage-and-hour class action); *Saldivar v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|----------|---------------------|------|-------------------|
| Title | JD Tamimi v. SGS North America Inc. | | |

*Priority One Medical Transport, Inc.*, No. CV 09-04789 MMM (EX), 2011 WL 13213889, at *16 (C.D. Cal. Mar. 22, 2011) (awarding a $5,000 incentive award which was over nine times the average per-Member recovery in a wage-and-hour class action); *Dearaujo v. Regis Corp.*, No. 2:14-CV-01408-KJM-DB, 2017 WL 3116626, at *9, *15 (E.D. Cal. July 21, 2017) (awarding a $15,000 incentive award which was over 15 times the average per-Member recovery in a wage-and-hour class action).

Accordingly, the Court **GRANTS** Plaintiff's request for a $15,000 incentive award.

D.    Settlement Administration Amount

Plaintiff proposes to pay Simpluris approximately $4,869.00 to administer the Settlement. *Final Approval Mot.* 1:26. The Court continues to find this request reasonable given the costs associated with mailing notice and distributing settlement funds to a class of 145 individuals. *See Lowe v. Popcornopolis LLC*, No. CV 19-6984 PSG (RAOx), 2020 WL 5991509, at *9 (C.D. Cal. July 8, 2020) (approving estimated $24,000 to administer class of 191 individuals); *Ching v. Siemens Indus., Inc.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for 68 claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims). Accordingly, the Court **GRANTS** Plaintiff's request for $4,869.00 in Settlement Administrator costs.

IV.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motions for final approval of the class action settlement and for attorneys' fees, costs, and an incentive award. Accordingly, it is **HEREBY ORDERED AS FOLLOWS**:

•    The Court approves settlement of the action between Plaintiff and Defendant, as set forth in the Revised Settlement Agreement, as fair, just, reasonable, and adequate. The parties are directed to perform their settlement in accordance with the terms set forth in the Revised Settlement Agreement.

•    Class Counsel is awarded $283,333.33 in attorneys' fees and $ 17,823.79 in costs. Additionally, Plaintiff is awarded a $15,000 incentive award. The Court finds that these amounts are warranted and reasonable for the reasons stated in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-965 PSG (KSx) | Date | September 1, 2021 |
|---|---|---|---|
| Title | JD Tamimi v. SGS North America Inc. | | |

- The Court approves payment in the amount of $4,869.00 to Simpluris for settlement administration costs.

- Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendant and the Settlement Class Members for all matters relating to the litigation, including the administration, interpretation, effectuation, or enforcement of the Revised Settlement Agreement and this order.

The September 2, 2021 hearing is vacated. This Order closes the case.

**IT IS SO ORDERED.**